[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The appellant, Christopher Sanders, appeals the trial court's acceptance of his guilty plea relating to a charge of child endangerment by claiming that his plea was not entered into knowingly and voluntarily. After reviewing the record presented and for the reasons set forth below, we affirm the decision of the trial court.
 {¶ 3} On October 10, 2002, the Cuyahoga County Grand Jury indicted Christopher Sanders on a charge of child endangering, in violation of R.C. 2919.22. The indictment stated that Sanders did administer corporal punishment or other physical disciplinary measures against his two-year-old son, D.M.,[1] which created a substantial risk of serious physical harm to D.M., that, if continued, would seriously impair or retard the child's mental health or development. As a result of this physical punishment, D.M. suffered various injuries, including a fractured left leg, a fractured left arm, an untreated fractured wrist, a lacerated pancreas, two lumps on his head, cigarette burns to his penis and foot, and a black eye. D.M. will need physical therapy to repair his left leg and is also suffering from night terrors.
 {¶ 4} On December 3, 2002, Sanders entered a plea of guilty to count one of the indictment as amended: child endangering, in violation of R.C. 2919.22, a felony of the third degree. The trial court explained Sanders' constitutional rights and accepted his guilty plea. The court then referred Sanders to the probation department for a presentence investigation and to the psychiatric clinic for a mitigation of penalty report.
 {¶ 5} On March 6, 2003, Sanders filed a pro se motion to disqualify his defense counsel citing ineffective assistance. Sanders claimed that his defense counsel did not represent him to the best of her ability because she allowed the prosecuting attorney to misstate the facts as they pertain to his indictment. On March 19, 2003, before the sentencing hearing began, the trial court addressed Sander's pro se motion to disqualify his defense counsel. At that time, Sanders had apparently changed his mind about the disqualification of his defense attorney and agreed to have that same attorney represent him during the sentencing hearing.
 {¶ 6} After hearing testimony from both sides as it relates to sentencing, the trial court sentenced Sanders to four years of incarceration. Sanders subsequently sought to withdraw his guilty plea by filing a motion for a delayed appeal and other post-conviction relief. The instant appeal followed.
 {¶ 7} The appellant presents one assignment of error for our review:
 {¶ 8} "The court denied appellant his right to fundamental due process of law by failing to determine if appellant entered his plea knowingly and voluntarily."
 {¶ 9} We note that the appellant did not properly file a motion to withdraw his guilty plea with the trial court. As a result, the trial court failed to conduct a hearing on or fully consider the motion presented by the appellant in this appeal. We also note that the appellant did not attempt to withdraw his guilty plea until after he was sentenced, making the motion untimely. However, we will address this appeal, as included in the briefs of both parties, as a failed motion to withdraw a guilty plea based on Crim.R. 32.1.
 {¶ 10} Crim.R. 32.1 provides:
 {¶ 11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 12} A motion to withdraw a guilty plea prior to sentencing is to be freely allowed and treated with liberality. State v.Peterseim (1980), 68 Ohio App.2d 211, 214, 428 N.E.2d 863, citing Barker v. United States (C.A. 10, 1978), 579 F.2d 1219,1223; State v. Crayton (Sept. 4, 2003), Cuyahoga App. No. 81257. However, the decision to grant or deny such a motion is within the sound discretion of the trial court; a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715.
 {¶ 13} In the instant case, the appellant underwent a hearing pursuant to Crim.R. 11 prior to entering his plea. Crim.R. 11 requires that the trial court engage in the following inquiry where an individual charged with a felony seeks to enter a plea of guilty:
 {¶ 14} "(2) In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 15} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that he is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 16} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 17} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving his rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 18} The Supreme Court of Ohio has established that a trial court, in accepting a plea of guilty, need only substantially comply with the mandates of Crim.R. 11(C). State v. Stewart
(1977), 51 Ohio St.2d 86, at 92, 364 N.E.2d 1163. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Nero (1990),56 Ohio St.3d 106, 564 N.E.2d 474, citing Stewart, supra; Statev. Carter (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199,396 N.E.2d 757, certiorari denied (1980), 445 U.S. 963,100 S.Ct. 1605, 63 L.Ed 2d 789. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, at 93; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Stewart,
supra, at 108.
 {¶ 19} In the instant matter, the appellant specifically claims that his plea of guilty was not entered into knowingly or voluntarily because he lacked a full understanding of the evidence presented against him due to ineffective assistance of counsel. Furthermore, the appellant claims he was coerced by the state under a threat of greater prosecution should he fail to enter a plea of guilty and proceed to trial.
 {¶ 20} First, we will address the appellant's claim of ineffective assistance of counsel. On March 6, 2003, the appellant filed a pro se motion to disqualify his defense counsel claiming that counsel did not represent him to the best of her ability by allowing the prosecuting attorney to misstate the facts as they pertain to his indictment. However, on March 19, 2003, before the sentencing hearing began, the appellant apparently changed his mind and, on the record, agreed to have the same counsel represent him for the sentencing hearing. (Tr. at 13). By agreeing to have his current counsel represent him for the sentencing hearing, the appellant effectively withdrew the motion to disqualify that he had filed with the court on March 6.
 {¶ 21} If appellant's counsel was ineffective and the appellant was unhappy with her representation, he was afforded a chance before the sentencing hearing to have her replaced by the court and also to withdraw his guilty plea. The appellant chose neither and proceeded to sentencing utilizing the same representation. Based on the appellant's decision to retain his current counsel after having the opportunity to replace her, and after reviewing the record in this case, we find that appellant's counsel was competent in her representation of the appellant.
 {¶ 22} Furthermore, during the plea hearing, the appellant acknowledged he understood that by pleading guilty to the charge against him he was admitting to the truth of the allegations in the indictment. (Tr. at 10). The appellant at no time during the plea or sentencing hearings, objected to the characterization of the facts as presented by the trial court, Detective Strickler, or the prosecution.
 {¶ 23} The appellant further argues that the state coerced him into pleading guilty to the charge of child endangering by threatening him with greater prosecution if the case proceeded to trial. However, after reviewing the record, the trial court asked the appellant whether anyone had threatened or coerced him into entering a guilty plea; the appellant answered "No, your Honor." (Tr. at 10). It is well within the power of the prosecution to offer a lesser charge in return for a plea or to indict the appellant on a greater charge if the facts of the case warrant the charge.
 {¶ 24} After reviewing the record, we find that the appellant's sole assignment of error is without merit because no error amounting to a manifest injustice occurred during the plea hearing. The trial court substantially complied with the mandates of Crim.R. 11. We find that the appellant's plea was entered into knowingly, intelligently and voluntarily. The appellant's conviction is hereby affirmed.
Judgment affirmed.
 Dyke, P.J., and O. Calabrese, JR., J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The child victim is referred to herein by his initials, in accordance with this court's established policy.